**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ANNIE WOODLAND, INDIVIDUALLY AND**
**ON BEHALF OF ALL HEIRS AT LAW AND**
**WRONGFUL DEATH BENEFICIARIES**
**OF EDDIE DEFRANCE, III, DECEASED**                                          **PLAINTIFFS**

**V.**                                                    **CAUSE NO.  3:18-cv-00556-HTW-LRA**

**WARREN COUNTY, MISSISSIPPI,**
**WARREN COUNTY BOARD OF SUPERVISORS,**
**SHERIFF MARTIN PACE, IN HIS OFFICIAL AND**
**PERSONAL CAPACITIES, PATRICIA KINNARD,**
**IN HER OFFICIAL AND PERSONAL CAPACITIES;**
**DR. JOHN FORD, IN HIS OFFICIAL AND PERSONAL CAPACITIES;**
**LINDA S. PUGH, IN HER OFFICIAL AND PERSOANL CAPACITIES;**
**JOSEPH BROWN, IN HIS OFFICIAL AND PERSONAL CAPACITIES;**
**DOUGLAS A. HADAD, IN HIS OFFICIAL AND PERSONAL CAPACITIES;**
**AND JOHN DOES 1-10**                                          **DEFENDANTS**

---

## ORDER

---

BEFORE THIS COURT are the following motions: (1) *Motion for Judgment on the Pleadings as to State Law Claims* **[Docket no. 11]**, filed by Defendants Joseph Brown, Douglas A. Hadad, Patricia Kinnard, Martin Pace, Linda S. Pugh (hereinafter collectively referred to as "the Individual Defendants") and Defendant Warren County, Mississippi; (2) *Motion for Judgment on the Pleadings as to Federal Law Claims Alleged Against them Individually* **[Docket no. 13]** filed by the Individual Defendants; and (3) *Plaintiffs' Amended Motion for Leave to Amend Complaint*[1] **[Docket no. 24]**.  For the reasons stated below, this Court GRANTS Plaintiffs' motion for leave to amend their complaint. Permitting an amendment has consequences: this Court must dismiss Defendants' motions for judgment on the pleadings.

---

[1] Plaintiffs filed their first Motion for Leave to Amend Complaint on January 28, 2019 [Docket no. 23]; however, this document was improperly filed and incorrectly labeled. Plaintiffs filed their Amended Motion for Leave to Amend Complaint on January 30, 2019.

# I. PROCEDURAL FACTS AND BACKGROUND

This case arises out of the death of Eddie DeFrance, III. At the time of his death on April 3, 2017, DeFrance was an inmate at the Warren County, Mississippi Detention Center[2].

Plaintiffs Annie Woodland, individually and on behalf of all heirs at law and wrongful death beneficiaries of Eddie DeFrance, III, deceased (hereinafter "Plaintiffs") filed on August 17, 2018, their original Complaint. [Docket no. 1]. This original Complaint asserted both federal and state law claims, as follows: (1) Fourth Amendment Unreasonable Denial of Medical Treatment; (2) Fourteenth Amendment Violation (footnote) of Procedural and Substantive Due Process Rights; (3) Eighth Amendment Cruel and Unusual Punishment; (4) Unconstitutional Failure to Train and Supervise; (5) Deliberate Indifference; (6) Assault and Battery; (7) Negligence; (8) Negligent Infliction of Emotional Distress; and (9) Wrongful Death.

On November 16, 2018, Defendants filed a Motion for Judgment on the Pleadings as to the state law claims. [Docket no. 11]. To date, Plaintiffs have not filed a response in opposition to Defendants' assertion that all state law causes of action against them should be dismissed; instead, Plaintiffs filed a proposed Amended Complaint with their Motion for Leave to Amend Complaint [Docket no. 24], which retracts all state law causes of actions against Defendants. Plaintiffs specify that their request to amend their Complaint is "to clarify constitutional claims and provide further detail." [Docket no. 24 ¶ 6]. The proposed amended claims are: (1) Fourth Amendment Unreasonable Denial of Medical Treatment; (2) Violation of Procedural and Substantive Due Process Rights; (3) Eighth Amendment Cruel and Unusual Punishment; (4) Unconstitutional Failure to Train and Supervise; and (5) Deliberate Indifference. [Docket no. 24-1].

---

[2] More specifically, Mr. DeFrance passed away at Saint Dominic's Hospital in Jackson, Mississippi after being airlifted to the facility from the Warren County, Mississippi Detention Center.

The Individual Defendants named herein also filed on November 16, 2018, a Motion for Judgment on the Pleadings as to the federal claims asserted against them in their individual capacities [Docket no. 13]. Defendants' Motion asserts that the individual defendants are immune from this suit, which is brought under 42 U.S.C. § 1983[3]. On the same day, the Individual Defendants filed a Motion to Stay Case. [Docket no. 15]. United States Magistrate Judge Linda R. Anderson granted the Individual Defendants' motion and ordered this matter be stayed pending this Court's ruling on the movants' qualified immunity defense. [Docket no. 16]. Plaintiffs filed on January 28, 2019, their response in opposition to Defendants' motion and memorandum in support thereof [4]. [Docket nos. 21 and 22].

Defendants now urge this court to dismiss all constitutional claims against the Individual Defendants, contending that no amendment to the Complaint would enable Plaintiffs to overcome the Individual Defendants' qualified immunity defense and exemption from suit under § 1983. [Docket no. 31]. This contention obviously precedes this Court's actual action on Plaintiffs' motion.

Finally, pursuant to the parties' agreed upon terms, on February 5, 2020, this Court entered Agreed Orders [Docket nos. 43 and 44] dismissing Defendants Warrant County Board of Supervisors and Defendant John Ford, M.D. from this case. The Court now turns to the remaining Defendants' motions for judgment on the pleadings and Plaintiffs' request to amend their original Complaint.

---

[3] Section 1983 provides, in pertinent part, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." Morris v. Dillard Dept. Stores, Inc. 277 F.3d 743, 753 (5th Cir 2001).

[4] The Court retroactively granted Plaintiffs' motion for extension of time to file their response to Defendants' motions for summary judgment on September 9, 2019; therefore, Plaintiffs' opposition brief is accepted as timely. *See* Docket no. 37.

## II.    DISCUSSION

### A. *Plaintiff's Amended Motion for Leave to Amend Complaint*

Plaintiffs filed their Motion for Leave to Amend under the authority of Federal Rule of Civil Procedure 15(a)[5]. On its face, Plaintiffs' proposed Amended Complaint omits all state law causes of actions against the Defendants and withdraws Warren County Board of Supervisors as a defendant in this matter.[6] Plaintiffs now propose amendments to the original Complaint to include detailed facts allegedly to better aid this Court in its analysis of Plaintiffs' constitutional claims against the Individual Defendants[7]. These proposed amendments include the following additional facts:

- At the time of his incarceration, Mr. DeFrance had already been sentenced to ten (10) years with the Mississippi Department of Corrections ("MDOC"), thereby triggering Plaintiffs' Eighth Amendment Claims. [*See* Notice of Criminal Disposition and Sentencing Order attached as Exhibits "B" and "C" to Plaintiff's Amended Complaint, Docket no. 24-1].

- Defendants were aware of Mr. DeFrance's alcohol dependency and medical history due to the Sentencing Order and from previous community involvement. [Docket 24-1, ¶¶ 16-17].

- When Mr. DeFrance was booked into the Warren County Detention Center ("WCDC"), he had with him his blood pressure medication, Amlodipine Besylate 5 mg, and Defendant Nurse Kinnard created a medicine bag for Mr. DeFrance concerning this prescription. [ Docket no. 24-1, ¶¶ 18-19, *See also* Exhibits "D" and "C" to Docket no. 24-1].

---

[5] Fed.R.Civ.P. 15(a) states:
(a) AMENDMENTS BEFORE TRIAL.
(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

[6] *See* Docket no. 43, Agreed Order dismissing all claims against Defendant Warren County Board of Supervisors.

[7] The proposed Amended Complaint asserts causes of action against Dr. John Ford; however, Dr. Ford has since been effectively dismissed with prejudice from this suit. *See* Agreed Order of Dismissal, Docket no. 44.

- Defendant Nurse Kinnard called in an Ativan prescription over the phone on March 27, 2017 at approximately 3:00 PM from People's Drug Store. [Docket no. 24-1, ¶ 29. *See also* Exhibit "F" to Docket 24-1].

- Statements obtained from the Vicksburg Fire Department Ambulance Service medical records indicating that "staff reported to [EMT Kevin Courtney] that Mr. DeFrance had a history of clonic tonic seizures and that he had had a seizure that day, but no one knows how long it lasted…[and] that…the nurse found Mr. DeFrance on the floor with urine of the floor and bed mat." [Docket no. 24-1, ¶¶ 46-47].

- Statements obtained from the River Region Hospital records regarding Defendant Nurse Kinnard's leading up to Mr. DeFrance's admission to the hospital. [Docket no. 24-1, ¶¶50-55, S*ee also* Exhibit "G" to Docket no. 24-1].

Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." *Dussoy v. Gulf Coast Investment Corp.*, 660 F.2d. 594, 598 (5th Cir. 1981). The Fifth Circuit explains that "unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.*

Rule 15(a) does not establish a time limit for amending a complaint before trial; instead, the Fifth Circuit has held that the trial court should consider five factors when determining whether to allow a plaintiff to amend the complaint: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies in previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

This Court has considered the foregoing factors and finds that Plaintiffs should be granted leave to amend their Complaint and assert supplementary facts in support of their constitutional claims against the Individual Defendants. There has been no undue delay here, and Plaintiffs have not previously amended their Complaint. The Court further finds that this case has been stayed since November 16, 2018; no discovery has been conducted in the matter and Defendants have not shown that they would be prejudiced by the proposed amendments to Plaintiffs' Complaint.

### B. *Defendants' Motion for Judgment on the Pleadings as to State Law Claims*

Inasmuch as the proposed Amended Complaint omits any state law claims against Defendants, this Court construes Plaintiffs' omissions as withdrawal of any state law causes of action in this matter. The Court further notes that Plaintiffs have failed to file any response in opposition to Defendants' Motion for Judgment on the Pleadings as to the state law claims, despite the grant of additional time to do so[8]. The Court, therefore, grants Defendants' Motion [Docket no. 11] and hereby dismisses all state law causes as action against Defendants as moot.

### C. *Defendants' Motion for Judgment on the Pleadings as to Federal Law Claims*

Defendants, in support of their Motion for Judgment on the Pleadings as to the federal law claims against them individually, moved for a detailed reply to their qualified immunity defense. Qualified immunity is a judicially created affirmative defense that must be raised by the government defendant in the answer to a § 1983 claim. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(internal citations omitted). This defense is available to government officials performing discretionary functions "insofar as their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Firzgerald*, 457 U.S. 800, 812 (1982).

"A district court's discretion not to [require the plaintiff submit a detailed reply to the qualified immunity defense] is narrow…when greater detail might assist." *Schultea v. Wood*, 43 F3d 1427, 1434 (5th Cir. 1995). Plaintiffs herein have provided greater detail in support of their federal law claims against the Individual Defendants, both in their amended memorandum in opposition to Defendants' motion for judgment as to the federal law claims and their proposed Amended Complaint.

---

[8] *See* Order to Show Cause, Docket no. 37.

In light, however, of this Court's decision to grant Plaintiffs' motion to amend their original Complaint, this Court denies Defendants' Motion for Judgment on the Pleadings as to the Federal Law Claims [Docket no. 13].

### III.      CONCLUSION

**IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Amend Complaint [Docket no. 24] is hereby GRANTED.**

**IT IS FURTHER ORDERED that Defendants' Motion for Judgment on the Pleadings as to State Law Claims [Docket no. 11] is GRANTED and all state law claims against the Defendants are dismissed as MOOT.**

**IT IS FINALLY ORDERED that since this Court has allowed Plaintiffs to add new facts in their Amended Complaint, Defendants' Motion for Judgment on the Pleadings as to Federal Law Claims [Docket no. 13 ] is, for now, hereby DENIED, but such a motion may be re-urged if Defendants are still under the impression that the federal claims are vulnerable to dismissal.**

**SO ORDERED THIS THE 25TH DAY OF MARCH, 2020.**

**/s/HENRY T. WINGATE                **
**UNITED STATES DISTRICT JUDGE**